# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:11cv319

| | |
|---|---|
| CHARLES L. PELSOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　　　**ORDER** |
| | ) |
| PETORIA, INC . *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Pending before the Court is the Joint Motion for Protective Order and Joint

Motion for Reconsideration of Motion [# 32]. Previously, Plaintiff requested an

extension of the discovery period a few days before discovery was set to close.

Plaintiff also sought an extension of the Mediation deadline from September 15,

2012, until November 15, 2012, and an extension of the motions deadline from

October 1, 2012, until December 1, 2012. Trial in this case is set for March 11,

2013. The Court denied the motion. (Order, Aug. 29, 2012.)

As the Court pointed out in its Order denying Plaintiff's motion, the parties

engaged in little actual discovery during the nearly seven month long discovery

period. (Order, Aug. 29, 2012.) The only substantive reason for the delay offered

by Plaintiff was that the delay was the fault of this Court for failing to rule on a

stipulated Protective Order. (Pl.'s Mot. Amend at p. 2.) As the Court pointed out in its Order, and as the parties now acknowledge, no such motion was ever filed with the Court. The parties now seek the entry of a Stipulated Protective Order and ask the Court to reconsider its Order denying the Motion for Extension of Time. In support of their motion, the parties offer a new excuse for failing to engage in discovery during the proceeding seven months: that they anticipated that Defendant Great American Water Bowl Company, Inc., an administratively dissolved corporation, would be reinstated.

Discovery in this case closed September 1, 2012. Summary Judgment motions are due October 1, 2012. Upon a review of the record in this case, the Court finds no reason to reconsider its prior Order denying the extension of time. As the Court stated in its prior Order, "any failure to complete discovery during the proceeding six months is the result of the parties lack of diligence in pursuing discovery . . ." (Order, Aug. 29, 2012.) Having sat by and let the discovery period expire and then blamed the Court for the failure of counsel to engage in timely discovery, the Court sees no reason to extend the discovery period in this case. Accordingly, the Court **DENIES in part** the motion [# 32]. The Court **DENIES** the motion to the extent it seeks to extend the deadlines in this case. Discovery in this case is closed. The parties shall file any summary judgment motions by

October 1, 2012.

The Court **GRANTS in part** the motion [# 32]. The Court **GRANTS** the motion to the extent it seeks the entry of a Stipulated Protective Order. The Court incorporates the Stipulated Protective Order [# 32- 1] as part of this Order.

Signed: September 10, 2012

Dennis L. Howell
United States Magistrate Judge